UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. DEVENNEY,

        Plaintiff,                       Case No. 2:24-cv-12736

v.                                       Honorable Susan K. DeClercq
                                            United States District Judge

KIM MILLER, JOHN DOE, and
ALEX MUNDAY,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

On October 15, 2024, Plaintiff Mark A. Devenney filed a complaint against Kim Miller, Alex Munday, and several unknown people referred to as "John Doe" who are affiliated with "Johnathon Rose Companies" and "CSI Support & Development." ECF No. 1 at PageID.2–3. He also filed an application to proceed *in forma pauperis*, averring he makes $943.00 a month, almost all of which goes toward monthly housing, transportation, or utility payments. ECF No. 2 at PageID.10–11. Satisfied that Devenney cannot pay the filing fees and costs, his application to proceed *in forma pauperis* will be granted. However, Devenney's Complaint will be dismissed without prejudice because this Court lacks subject-matter jurisdiction over his claim. *See* FED. R. CIV. P. 12(h)(3).

When a plaintiff proceeds *pro se*, his or her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there are limits to this lenient treatment, and "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Here, Devenney asserts jurisdiction based on a federal question.[1] ECF No. 1 at PageID.3. But the substance of his complaint does not bear that out. Devenney asserts that Defendants "operate and manage a low-income seni[o]r/disabled subsidized housing" facility, and that they denied him housing, despite the fact Devenney asserts he meets all federal requirements for low-income subsidized housing "pursuant to 24 CFR 5.856 and other HUD regulations." *Id.* at PageID.5. Perhaps Devenney does satisfy all HUD requirements to be eligible for low-income subsidized housing. But private owners of federally assisted housing are permitted to "screen out applicants who [they] determine[] are unsuitable under [their own]

---

[1] Devenney alleges there is federal-question jurisdiction because "Defendants administer a federal program under HUD, and are therefore ad hoc federal officers and subject to the jurisdiction of this Court," and then points to 28 U.S.C. § 1442. ECF No. 1 at PageID.4. But 28 U.S.C. § 1442 merely permits lawsuits filed in a state court against federal officers or agencies to be removed to federal court. And here, Devenney does not sue any federal officer or agency, but private owners of federally assisted housing.

standards for admission." 24 C.F.R. § 5.851 (2024). And there is no federal cause of action for denial of subsidized housing absent alleged discrimination, which Devenney does not allege here. *See* 42 U.S.C. § 3604.

Thus, because this Court lacks subject-matter jurisdiction to consider Devenney's claims, it "must dismiss" Devenney's complaint. FED. R. CIV. P. 12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (dismissing complaint for lack of subject-matter jurisdiction where plaintiff asserted federal-question jurisdiction, but the substance of her complaint did not "bear out" facts to permit subject-matter jurisdiction under a federal question); *see also El Tribe v. Michigan Recon, Inc.*, No. 14-13754, 2014 WL 5667293, at *3 (E.D. Mich. Nov. 3, 2014) (explaining "[a] lack of subject matter jurisdiction can and should be raised by a court *sua sponte*" and warrants dismissal).

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 1/2/2025